IN THE

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

UNITED STATES OF AMERICA

v.                                              Criminal No.:  3:23cr79

XAVIER LOUIS LOPEZ,

**DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER AND REQUEST FOR EXPEDITED HEARING**

COMES NOW the Defendant Xavier Lopez, by his counsel, Vaughan C. Jones, and pursuant to 18 U.S.C. § 3145(b), moves this Honorable Court to revoke the order of detention imposed by Magistrate Judge Mark R. Colombell on July 14, 2023. Mr. Lopez also requests an expedited hearing of this matter pursuant to 18 U.S.C. § 3145(b), which requires that such motions be determined promptly.

**Procedural History**

Mr. Lopez is charged in a two count Indictment alleging Possession of Ammunition by a Convicted felon and Possession of a Destructive Device.

**Argument**

**I. Presumption and legal standard**

**A. The Court's Review of the Detention Order is De Novo**

Pursuant to 18 U.S.C. § 3145(a), this Court has the authority to review a detention order issued by a magistrate judge.  The district court's review of a magistrate judge's release order is de novo.  U.S. v. Williams, 753 F.2d 329 (4th Cir. 1985); United States v.

<u>Clark</u>, 865 F.2d 1433, 1437 (4th Cir. 1989); see also <u>United States v. Tortora</u>, 922 F.2d 880, 883 (1st Cir. 1990); <u>United States v. Delke</u>r, 757 F.2d 1390, 1392-95 (3d Cir. 1985).

**B. Presumption**

The government may seek pretrial detention when the accused is charged with any of nine categories of federal crime. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII." <u>United States v. Dowell</u>, 771 F.3d 162 (4th Cir. 2014)18 U.S.C.A. Sec. 3142(g); <u>U.S. v. Clark</u>, 865 F.2d 1433 (4th Cir. 1989)

**C. Legal Standard**

Generally, for pretrial detention to be authorized, "the Government must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person." <u>United States v. Salerno</u>, 481 U.S. 739, 750 (1987); 18 U.S.C. § 3142(f). In determining whether any conditions would reasonably assure the safety of the community, the district court must evaluate and weigh four statutorily enumerated factors: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the [defendant]"; (3) "the history and characteristics of the [defendant]"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g). Any fact that the district court "uses to support [its ultimate] finding . . . [must] be supported by clear and convincing evidence." Id. § 3142(f); See also <u>United States v. Singh</u> (4th Cir. 2021)

**II. Review of the detention factors indicates that an appropriate combination of conditions will reasonably assure the Defendant's appearance**

**A. The Nature of the Offense**

The Defendant concedes that pursuant to a felony vandalism conviction he is a prohibited person and may not own a firearm or ammunition. The government alleges that pursuant to a search warrant, law enforcement agents found non-operational weapons parts and several rounds of ammunition in the Defendant's home.  The instant offense is not violent in nature. This Court can impose conditions of release that require Mr. Lopez not have access to firearms or ammunition. These conditions would have a prophylactic effect against the type of offense at issue. In light of the above, this Court can easily impose release criteria that would protect the community against the nature of Mr. Lopez's alleged specific offenses.

**B. Weight of the Evidence**

Mr. Lopez is presumed to be innocent. Thus, the weight of the as yet unproved evidence is the least important factor in determining the danger he poses to the community. See 18 U.S.C. § 3142(j). Moreover, even "evidence of the commission of a serious crime

and the fact of a potentially long sentence" alone is insufficient "to support a finding of risk of flight." See generally, United States v. Friedman, 837 F.2d 48, 50 (2d Cir. 1988). Mr. Lopez's presumption of innocence undermines any confidence the government has in the strength of its case. Accordingly, the weight of the evidence factor does not unilaterally require Mr. Lopez to be detained pending trial.

**C. History of the Defendant**

Mr. Lopez has no history of violent offenses or substance abuse. His prior felony conviction is a property offense. He has lived in Virginia since 2018. He has never failed to appear for a required court hearing. His history and characteristics reveal that his pre-trial release would not pose a risk of flight or danger to the community or any person.

**D. The nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.**

As stated above, the instant offense is not alleged to be violent. This Court could impose a pre-trial condition of release that he does not possess any weapons or ammunition. Accordingly, the Court could safely release Mr. Lopez and easily and reasonably assure the safety of the community.

WHEREFORE, Mr. Lopez respectfully requests that this Court set this matter for an expedited hearing, as soon as is practicable, to address the bond determination in this matter, and set appropriate conditions for his release.

Respectfully submitted,

XAVIER LOUIS LOPEZ

By: _____ /s/
Vaughan C. Jones, Esq.
Virginia Bar # 41010
1622 West Main Street
Richmond, VA 23220
Phone: (804) 788-8880
Fax: (888) 816-0116
vaughan@vaughancjones.com