IN THE
UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA

v.                                            Criminal No.:  3:23cr79

XAVIER LOUIS LOPEZ,

## DEFENDANT'S MOTION TO SUPPRESS

### Introduction

"When it comes to the Fourth Amendment, the home is the first among equals." *See* Florida v. Jardines, 569 US 1, 6 (2013).  Within these protected areas, law enforcement personnel must proceed with caution and strictly abide by the rules set out by the case precedent and statutory law; only straying from the legal schemes of the Fourth Amendment by using the well-settled exceptions to those schemes. In the instant case, the protections guaranteed by the Fourth Amendment were circumvented, violated, and done so in the absence of good faith. With such flagrant disregard for the rules set out by the law and precedent of the Fourth Amendment, Defendant Xavier Lopez ("Defendant") files this Motion to Suppress all evidence connected with the unlawful and bad faith search of Defendant's home in the hope that such behavior will be so deterred in the future.

This motion is filed pursuant to Illinois v. Gates, 462 U.S. 213, 76 L.Ed.2d 527 (1983); United States v. Leon, 468 U.S. 897, 104 S. Ct. 3405, 82 L.Ed.2d 677 (1984); and Franks v. Delaware, 438 U.S. 154, 54 L.Ed.2d 667, 98 S.Ct . 2674, 57 L.Ed.2d 667 (1978) The Defendant submits that the affidavit which was submitted in support of a search warrant issued by a Henrico

1

County Court Judge did not on its face contain sufficient information to establish probable cause; reliance by the affiant on the judge's probable cause determination was not objectively reasonable or founded in good faith. The Defendant submits that the affiant knowingly misrepresented material facts which constituted his application for the search warrant. Moreover, the Defendant submits that affiant knowingly withheld information which would have negated any indicia of probable cause. Finally, the Defendant submits that the affiant and other law enforcement executed the search warrant with no truthfully reliable information that the weapons sought through the warrant application were located in the place to be searched. The Defendant states that the search warrant application was conceived, drafted, and executed in bad faith and in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution. The Defendant requests that this Court conduct an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (U.S. 1978),

**FACTS:**

Mr. Xavier Louis Lopez ("Mr. Lopez) resides at 1419 Fort Hill Drive, located in Henrico County, Virginia. On or about January 7, 2021, Xavier LOPEZ pled guilty to a charge of Felony Vandalism, in violation of Virginia Code § 18.2-137 in the Henrico County Circuit Court. As part of his plea agreement, Mr. Lopez was ordered to have no contact with any firearms, firearm components, or ammunition. Mr. Lopez was sentenced to five years' incarceration, with four years suspended for a period of 10 years. As a convicted felon, he is a person prohibited from possessing a firearm or ammunition pursuant to Title 18 U.S.C § 922(g)(1). Upon completing his state prison sentence, on or about June 28, 2021, LOPEZ returned to his residence at 1419 Fort Hill Drive, Henrico, Virginia 23226, where he subsequently resided with his aunt.

On July 4, 2021, Henrico County Police Detective D.H. West (hereinafter Det. West) reviewed a video that showed Mr. Lopez enter a store that sells hunting equipment. That surveillance merely shows Mr. Lopez looking at firearms. Mr. Lopez did not purchase handle or closely examine a firearm in that store.

In December 2021, Detective West interviewed, Chris Hamilton, an employee of a hunting equipment and firearms store in Henrico County. Mr. Hamilton recalled Mr. Lopez being in that store and having a conversation with him about firearms. During that conversation, Mr. Lopez made a statement about the feasibility of building weapons. Mr. Lopez did not purchase or handle a firearm in that store.

In October 2022, without a warrant, Detective West obtained information concerning the specific nature of numerous online purchases made and intended to be delivered to 1419 Fort Hill Drive. Among these purchases was a "Gl9 Build Kit" sold by US Patriot Armory. Prior to the items' delivery, Detective West, again without a warrant, determined the contents of that parcel to be a Glock Model 19 (9mm semi-automatic pistol) with the exception of the receiver or frame.[1] None of these deliveries were intended for delivery to Mr. Lopez. The package was purchased by billing name "John Jackson" at IP Address 73.12.94.90. The email address associated with this order was thirdpositioncrusader@protonmail.com. The package at issue was delivered on September 1, 2022. The phone number associated with the order was not Mr. Lopez's phone number.

---

[1] The Defense notes that sealed packages generally enjoy a high degree of privacy and, thus, courts have long recognized that the Constitution protects against unreasonable searches and seizures of sealed mail. United States v. Givens, 733 F.2d 339, 341 (4th Cir. 1984) (per curiam) (citing Ex parte Jackson, 96 U.S. 727, 733, 24 L.Ed. 877 (1878)). Both senders and recipients of letters and other sealed packages ordinarily have a legitimate expectation of privacy in those items even after they have been placed in the mail. United States v. Van Leeuwen, 397 U.S. 249, 251, 90 S.Ct. 1029, 25 L.Ed.2d 282 (1970) (citing Jackson, 96 U.S. at 733); see also Stokes, 829 F.3d at 52. United States v. Rose, 3 F.4th 722 (4th Cir. 2021). If law enforcement obtained information about the content of sealed mailed packages, the government is clearly not allowed to use that information as the basis for probable cause.

3

Detective West also reviewed records from Gab.com for username "Cru54d3r". This account was associated with an IP address assigned to 1419 Fort Hill Drive and an email address thirdpositioncrusader@protonmail.com. In October 2022, the Cru54d3r account made several posts that drew the attention of police. One post indicated: "have no tolerance for cops. If they come to your house, that's your cue to shoot them. If you see cops at your white neighbor's house, that's also your cue to shoot them. If you hear of cops beating up a white man in your area, get together to attack the whole Police Department." Another indicated knowledge about the possibility of building weapons with a "kit and a 3D printer." A third post asserted: "being a convicted felon is not at all a valid excuse for remaining unarmed."

On November 13, 2022, Henrico County Police Detective D.C. Wood obtained search and arrest warrants for Mr. Lopez. Det Wood obtained the search warrant by asserting the facts above in an affidavit (hereinafter "the Affidavit") submitted to a Henrico County Circuit Court judge. The arrest warrant asserted the officers had probable cause to believe that Lopez had committed state law violations of Felony Unlawful Paramilitary Activity (in violation of Virginia Code § 18.2-433.2), attempted possession of a firearm by convicted felon, possession of burglaries tools, and committing conspiring acts of terrorism. The search warrant authorized the search of the 1419 Fort Hill Drive residence, the curtilage and shed pertaining to that location. In the application for that warrants, Detective Wood asserted, inter alia, that Mr. Lopez "(1) previously obtained the tools and parts required to transform 80% lower receivers into working firearms" (2) he [Affiant]"reasonably believes that Mister Lopez is attempting to possess a firearm and the tools to construct one." (3)" there have been numerous reports of stolen firearms in the area where Mr. Lopez resides."

Minutes after the issuance of that warrant, law enforcement officials executed a search warrant at Lopez's residence. That search located a blue book bag within the closet of a bedroom. Within that book bag, officers discovered a variety of items, including a box labeled "Hornady Critical Defense," which contained twenty-five (25) rounds of 9mm caliber ammunition. Law enforcement Officers also found a 3D printer and a box containing a variety of gun parts, accessories, shotgun shell casings. Finally in a shed in the backyard of the Forest Hill address, officers located two "bottles with cloth wicks coming out of the top." Officers arrested Lopez on the state law warrants. Federal authorities subsequently examined these items and asserted that said ammunition had been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## **Legal Standards**

Search warrants must be supported by a proffer of probable cause—that is, the affidavit in support must demonstrate "a fair probability that contraband or evidence of a crime will be found in the particular place [to be searched]." See United States v. Doyle, 650 F.3d 460, 472 (4th Cir. 2011); see also id. at 466-67. *See generally U.S. Const. amend. IV*. Although an accused is generally not entitled to challenge the veracity of a facially valid search warrant affidavit the Supreme Court has carved out an exception to this rule, whereby an accused is entitled to an evidentiary hearing on the "veracity of statements in the affidavit." United States v. Allen, 631 F.3d 164, 171 (4th Cir. 2011). In its decision in Franks v. Delaware, the United States Supreme Court applied a "presumption of validity" to an affidavit supporting a search warrant, the defendant faces a "heavy burden" when invoking the narrow exception recognized. See United States v.

Moody, 931 F.3d 366, 370 (4th Cir. 2019) (internal quotation marks omitted), cert. denied 140 S. Ct. 823 (2020).

To earn a *Franks* hearing, the defendant "must make a substantial preliminary showing that: (1) law enforcement made a false statement; (2) the false statement was made knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statement was necessary to the finding of probable cause" (also known as the "materiality" requirement). United States v. Williams, No. 12-4787 (4th Cir. Jun 06, 2013). Where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. After making the essential preliminary showing, an accused is entitled to an evidentiary hearing (commonly referred to as a "*Franks* hearing") on the veracity of the statements in the affidavit. The purpose of a *Franks* hearing is to determine whether the probable cause determination was based on intentionally false statements. See United States v. Akinkoye, 185 F.3d 192, 199 (4th Cir. 1999). If, after a *Franks* hearing, the defendant has shown by a preponderance of the evidence that false statements were knowingly and intentionally (or with reckless disregard for the truth) included in the search warrant affidavit, and that such false statements were necessary to establish probable cause, the evidence seized must be suppressed. See Franks, 438 U.S. at 155-56; United States v. Jones, 942 F.3d 634, 640 (4th Cir. 2019) Probable cause exists to search a location when, considering the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in [that] particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).

## **ARGUMENT:**

The Defendant hereby moves to suppress the firearms seized during the search of his residence, asserting that the seizure contravened the Fourth Amendment. The search warrant affidavit at issue: (1) includes false statements; (2) the false statements were included knowingly and intentionally, or with a reckless disregard for the truth; and (3) the false statements were necessary for a finding of probable cause.

1. **False Statement:**

In the Affidavit Det. Wood asserted that Mr. Lopez "previously acquired firearms, ammunition, and tools required to transform lower receivers into working firearm"….and that he "reasonably believed Lopez is attempting to possess a firearm in the tools to construct one." In fact, Det. Wood had no such information or reasonable belief that Lopez successfully acquired any prohibited items. Det. Wood actually had information that belied the notion that Lopez possessed guns or parts. Wood withheld information that when Mr. Lopez had gone to gun retailers, he acknowledged his legal restrictions by never physically touching a firearm. Additionally, several adults lived at the address located at 1419 Fort Hill Drive. There is no information that Mr. Lopez physically acquired specific items delivered to that location. In contrast, officers kept Mr. Lopez under surveillance and never saw him in possession of any firearms, ammunition, or firearm parts. This statement is indisputably false as contemplated by <u>Franks</u>.

The Affidavit also states "there have been thefts of firearms in the area near Mr. Lopez home" and "that documents located at 1419 Fort Hill Drive, related to the purchase of firearm parts including but not limited to invoices, delivery receipts, packaging materials, purchase confirmations, payments, payment records, US currency, handwritten notes and other documents will be evidence of the attempted possession of a firearm by a convicted felon." The detective

never had information indicating any stolen firearm was related to or in the possession of Mr. Lopez. The detective had no reasonable belief concerning the content of any documents inside the residence.

There was no fair probability that the weapons, parts, or firearm related documents would be found in Lopez's possession. The assertions in the Affidavit are patently false. The Detective failed to suggest any meaningful connection between Lopez and weapons ammunitions or weapon parts. Probable cause did not support the search warrant.

2. **The False statements at issue were made intentionally or recklessly.**

A Court must suppress evidence pursuant *Franks* inquiry where an affiant "recklessly made a materially false statement or that the affiant intentionally or recklessly omitted material information from the affidavit." United States v. Wharton, 840 F.3d 163, 168 (4th Cir. 2016). In addition to false statements, *Franks* protects against omissions that are designed to mislead, or that are made in reckless disregard of whether they would **mislead**, the [judicial officer].' United States v. Colkley, 899 F.2d 297, 301 (4th Cir. 1990) (emphasis added)." United States v. Eccleston, No. 13-4133 (4th Cir. Jul 31, 2015). In the case at bar, the Detective was aware of the scant speculation concerning Mr. Lopez's actual possession of weapons. To buttress justification for an unconstitutional search detectives attached false statements to unsubstantiated connections to inflammatory offensive religious and racial comments. The Affiant distracted and manipulated the judicial officer that endorsed the Affidavit.

The Defendant submits that these misrepresentations and falsehoods are evidence of the affiant's reckless disregard for the truth and his obligations under the law. The affiant cannot claim that law enforcements' reliance on the judge's signature was objectively reasonable when his

presentation of the facts within the affidavit was not. Therefore, the false statements at issue were made intentionally or recklessly.

### 3. The false statement is necessary to the finding of probable cause,

An omission is material if it is necessary to the neutral and disinterested magistrate's finding of probable cause.' United States v. Goldsberry, No. 18-4499 (4th Cir. May 01, 2019). If an affidavit includes false statements knowingly and intentionally (or recklessly) made, the evidence seized in the resulting search will be suppressed if the affidavit, purged of the false statements, is insufficient to establish probable cause. See United States v. Friedemann, 210 F.3d 227, 229 (4th Cir. 2000) United States v. Ross, No. 09-4660 (4th Cir. Nov 05, 2010)

Here, the Affiants falsely informed the judge that Mr. Lopez "previously acquired firearms" and was "attempting to possess a weapon." These false and misleading statements were the only indication of any suspected criminal activity by Mr. Lopez. The statements necessary to the finding of probable cause. Without these claims a judicial officer would never have granted permission for a search.

Admission of the evidence at issue here would be violative of Mr. Lopez's rights protected by the Fourth Amendment. All reasonably well-trained officers should have known that the search here was not protected by good faith. Accordingly, this Court should suppress all the evidence obtained during the execution of the search warrant as well as any incriminating statements made after his arrest. See United States v. Najjar, 300 F.3d 466, 477 (4th Cir. 2002) ("Generally, evidence derived from an illegal search or arrest is deemed fruit of the poisonous tree and is inadmissible.")

**Conclusion**

With respect to the aforementioned arguments and facts as laid out above, the Defendant asks this Court to exclude all evidence connected with the unlawful and bad faith search of the Defendant's home and curtilage in the hope that such behavior will be so deterred in the future. Additionally, Defendant requests a hearing on the aforementioned arguments and any counterarguments by the Government.

                                                Respectfully submitted,
                                                XAVIER LOUIS LOPEZ

                                        By: _____/s/_____
                                                    Counsel

By_____/s/_____
Vaughan C. Jones, Esq.
Virginia Bar # 41010
1622 W. Main Street
Richmond, Virginia 23220
(804) 788-8880
(888) 816-0116 fax
vaughan@vaughancjones.om

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January, 2024 I electronically filed the foregoing with the clerk of court using the CM/ECF system, which will send a notification of such filing (NEF).

By_____/s/_____
Vaughan C. Jones, Esq.
Virginia Bar # 41010
1622 W. Main Street

Richmond, Virginia 23220
(804) 228-6014
(888) 816-0116 fax
vaughan@vaughancjones.com

11