IN THE
UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA

v.                                                          Criminal No.:  3:23cr79

XAVIER LOUIS LOPEZ,

### DEFENDANT'S TRIAL MEMORANDUM

Xavier Lopez by Counsel, Vaughan C Jones, hereby submits his trial brief in support of his defense in the above styled matter.

**I. Facts of this Case**

Xavier Lopez was indicted by an Eastern District of Virginia grand jury on June 22, 2023. The grand jury returned a two-count indictment charging him in Count One with Possession of Ammunition by Convicted Felon (in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)) and in Count Two with Possession of a Destructive Device (in violation of 26 U.S.C. §§ 5841, 5845, and 5861).

On November 13, 2022, law enforcement agents executed a search warrant at Mr. Lopez's residence in Henrico County, Virginia. That search uncovered suspected ammunition and six glass bottles.  The bottles contained gasoline and polystyrene. Law enforcement agents found two similar bottles in a shed in the backyard of the residence. Mr. Lopez was a convicted felon at the time of the search warrant execution.  He was convicted of Vandalism in violation of Virginia Code § 18.2-137 in 2021.

## II. Evidence Pertaining to Alleged Possession of Ammunition Charged in Count One

Mr. Lopez asserts that his conviction for property damage does not constitutionally support a ban on him possessing a firearm. Lopez asserts that he remains among 'the people' protected by the Second Amendment despite his 2021 Vandalism conviction. Lopez further maintains that the Constitution presumptively protects his conduct of possessing ammunition to protect himself. Finally, Mr. Lopez asserts the government's effort to convict him for possessing ammunition violates the Second Amendment under his particular factual circumstances. *See* Range v Attorney General, 69 F.3d 96 (3d Cir. 2023) *See also* United States v. McBroom, CIVIL 21-97 (W.D. Pa. Nov 02, 2023); N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022); United States v. Claybrooks, 22-4426 (4th Cir. Jan 04, 2024)[1]

## III. Evidence Pertaining to the Nature of the Devices Charged in Count Two

The Defense does not contest the qualifications of the United States' proffered examiners as experts in their respective fields. The Defense contests the position that the glass bottles at issue are destructive devices as defined by § 5845(a) or (f)(1)), or (2). Specifically, the Defense asserts the materials in each of the eight bottles were not capable of burning or adhering to exposed surfaces. The items at issue are not fully assembled Molotov cocktails as contemplated by the Fourth Circuit Court of Appeals holding in United States v. Simmons, 83 F.3d 686, 688 (4th Cir. 1996) nor were the parts in the defendant's possession capable of being assembled into a destructive device.

---

[1] The Defense asserts that the Fourth Circuit's decision in Claybrooks acknowledges that to support a conviction under 922(g) a District Court has an obligation to factually find the Government has demonstrated that removal of person's right to bear arms due to a prior conviction is consistent with the Nation's historical tradition of firearm regulation. United States v. Claybrooks, 22-4426 at p. 12-14, (4th Cir. Jan 04, 2024).

The United States is required to prove that the defendant knew that the parts in the defendant's possession were capable of being assembled into a destructive device. The Government must also prove beyond a reasonable doubt that Mr. Lopez intended to convert those component parts into a fully-assembled incendiary device. The Defense contends the government will fail in its attempt to prove these issues.

## CONCLUSION

The Defense estimates that trial in this matter will be completed in two days.

>                         Respectfully submitted,
>                         XAVIER LOUIS LOPEZ
>
>
>                         By: _____/s/_____
>                                         Counsel

By_____/s/_____
Vaughan C. Jones, Esq.
Virginia Bar # 41010
1622 W. Main Street
Richmond, Virginia 23220
(804) 228-6014
(888) 816-0116 fax
vaughan@vaughancjones.om