IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>XAVIER LOPEZ,<br><br>*Defendant.* | Case No. 3:23CR-79-DJN |

## STATEMENT OF FACTS

The parties stipulate that allegations contained in the Indictment and the following facts are true and correct, and that had this matter gone to trial, the United States would have proven each of them beyond a reasonable doubt.

1. At all times relevant to the Indictment and this Statement of Facts, the defendant, XAVIER LOPEZ (LOPEZ) was a resident of Henrico County, Virginia, within the Eastern District of Virginia and the jurisdiction of this Court.

2. The defendant was convicted of Felony Vandalism, in violation of Virginia Code § 18.2-137, in Henrico County Circuit Court on or about January 7, 2021. The defendant thereafter knew and understood that he was legally prohibited from possessing either firearms or ammunition because of this felony conviction.

3. On or about November 13, 2022, law enforcement officers conducted a search of the defendant's Henrico residence pursuant to a search warrant.

4. During that search, law enforcement officers recovered two different types of ammunition—specifically, twenty-five (25) rounds of 9mm caliber ammunition, manufactured by Hornady Manufacturing, Inc. in the State of Nebraska; and one (1) round of 7.62x39 caliber

ammunition, manufactured in Russia. Both types of ammunition accordingly and necessarily were shipped and transported in interstate and foreign commerce. The defendant knowingly possessed these quantities of ammunition, understanding that he was legally prohibited from doing so by virtue of his felony conviction.

5. Law enforcement officials also recovered eight (8) destructive devices, as that term is defined at 18 U.S.C. § 5845(f), from the defendant's residence and a shed on the defendant's property. These devices were of the sort commonly described as "Molotov cocktails." The defendant knowingly possessed these devices, and knew and understood the nature of these devices, and that the devices consisted of a combination of parts designed and intended for use in converting any device into a destructive device. These devices had not been registered to the defendant in the National Firearms Registration and Transfer Record.

6. The actions taken by the defendant, as described above, were taken willfully and knowingly. The defendant did not take those actions by accident, mistake, or with the belief that they did not violate the law.

7. The preceding only includes those facts necessary to establish the defendant's guilt as to the offense to which he is entering a guilty plea. It does not necessarily reference all information known to the government or the defendant about the criminal conduct at issue.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Thomas A. Garnett
Peter S. Duffey
Assistant United States Attorneys

2

After consulting with my attorney and pursuant to the plea agreement entered into this day between myself and the United States, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Xavier Lopez
Defendant

I am Xavier Lopez's attorney.   I have carefully reviewed the above Statement of Facts with him.   To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Vaughan C. Jones, Esquire
Counsel for Defendant