IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | Case No. | 3:23-cr-79-DJN |
| | ) | | |
| XAVIER LEWIS LOPEZ, | ) | | |
|     Defendant. | ) | | |

## DEFENDANT'S SENTENCING MEMORANDUM

Undoubtedly, this is a serious offense, and Mr. Lopez recognizes and accepts responsibility for his conduct. However, a lengthy prison sentence does not serve the purposes of sentencing. Mr. Lopez has long been diagnosed with ███, which hindered his social and neuropsychological development and explains his recent history and conduct in this case. Based on this and other reasons, the Section 3553(a) factors weigh in favor of a sentence of 51 months' incarceration and 3 years' supervised release, which represents the low-end of the applicable Guideline range if the Court grants the defendant's objection to the Presentence Investigation Report.

## DISCUSSION

District courts generally must perform the following four steps in sentencing defendants: (1) "properly calculate the sentence range recommended by" the advisory Guidelines; (2) "determine whether a sentence within that range and within statutory limits serves the factors set forth in [18 U.S.C.] § 3553(a) and, if [it does] not, select a sentence that does serve those factors;"4 (3) implement any applicable mandatory statutory limitations; and (4) articulate, on the record, "the reasons for selecting the particular sentence" and especially, if applicable, "explain[] why a sentence outside of the Sentencing Guidelines range better serves the relevant sentencing purposes set forth in § 3553(a)" than one within it. *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); 18 U.S.C. § 3553(a).

1

While this Court must still correctly calculate the guideline range, *Gall v. United States*, 552 U.S. 38, 49 (2007), it may not treat that range as mandatory or presumptive, *id.* at 51; *Nelson v. United States*, 555 U.S. 350, 352 (2009), but must treat it as "one factor among several" to be considered in imposing an appropriate sentence under § 3553(a). *Kimbrough v United States*, 552 U.S. 85, 90 (2007). The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id*. at 101. A sentence at the low-end of the applicable sentencing guideline range accomplishes these Supreme Court rules.

    A.    **Section 3553(a) Sentencing Factors**

    i.    **History and Characteristics of the Defendant**

Of the Section 3553(a) factors, the characteristics of the defendant stand as the most important. *See, e.g.,* 18 U.S.C. § 3661. The Supreme Court has long held that sentencing judges "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensure." *Koon v. United States*, 518 U.S. 81, 113 (1996). "Underlying this tradition is that principle that 'the punishment should fit the offender and not merely the crime,'" which means that the most relevant sentencing information "to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Pepper v. United States*, 562 U.S. 476, 487-88 (2011) (citations omitted).

Mr. Lopez's background and characteristics weigh in favor of a lower sentence. Mr. Lopez grew up in an unstable home. When he was 3 years old, his mother and father, unable to raise him, released him to the care of his aunt in Richmond, Virginia from the age of 3 until he was 10 years old. PSR, ¶¶ 47-48. His father was later incarcerated and has remained so throughout Mr. Lopez's life; he has no substantive relationship with his mother or his half-siblings. *See id.,* ¶¶ 45-

46, 53. From age 10 to 18, Mr. Lopez resided in New York with his paternal grandparents, who engaged in regular verbal abuse and were manipulative. *Id.*, ¶¶ 48, 49. His step-grandfather also regularly drank to intoxication. *See id.*, ¶ 49. In high school, Mr. Lopez worked various part-time jobs.

After graduating high school in 2018, Mr. Lopez moved back to Richmond to reside with his aunt, where he has lived continually when not incarcerated. PSR, ¶¶ 52, 64. Since high school, Mr. Lopez has worked or attended school periodically. *Id.*, ¶¶ 64, 66. He obtained certificates for entry level manufacturing and as a manufacturing specialist. *Id.*, ¶ 64. Mr. Lopez has even tried to obtain additional schooling while incarcerated in 2021, a request that was denied, but hopes to receive education/vocational training in the Bureau of Prisons. Mr. Lopez was incarcerated due to a non-violent felony conviction for property damage, and has only one other criminal conviction, for misdemeanor trespass from 2019. PSR, ¶¶ 34-35. He has no juvenile record.

Mr. Lopez's poor adjustment after high school is attributable to ██████, in combination with his mental health issues. As detailed in the PSR and in the attached ██████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

---

[1] The United States, which has a copy of the report, does not object to the admission of the ████████████████████████████ at the sentencing hearing as a defense exhibit. The United States and defendant agree as to the qualifications of Dr. DeRight and the content of the report, and only dispute how or whether the Court should factor the report's contents into its sentence.

3

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

As Mr. Lopez's history demonstrates, after high school, "when many young people are creating independent lives, XXXXXXXXXXXXXXXX struggle to create such a life, especially in the areas of obtaining and keeping work, managing finances, and having a rich social life." Exh. 1 at 4. Mr. Lopez's lack of consistent employment or education, and inability to live independently are manifestations XXXXXXX, should not be held against Mr. Lopez in the Court's sentence, and help provide the basis for a downward variant sentence. Moreover, because of Mr. Lopez's XXXX, the Court should strongly re-consider imposing certain supervised release terms, such as mandatory employment without appropriate accommodations, with which Mr. Lopez may not be XXXXXXXXXXXXXXXXXXXXXXXXXXXXX. *See* Exh. 1 at 19 (detailing some "probation" terms that may be more appropriate for Mr. Lopez).

More importantly, Mr. Lopez's XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX, which contributed to his conduct in this case. XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████ Mr. Lopez falls into this category. ████████████████████████████████████

█████████████████████████████████████████████████

████████████████



████████████████████████████████████ it is unsurprising that Mr. Lopez engaged online in extremist discussion, not understanding that such comments are not only socially unacceptable but legally problematic. This supports a downward variant sentence, as incarceration will not solve this problem, which instead requires counseling and therapy.

Despite his strained relationship with his parents, Mr. Lopez has the support of his mother and other family members. His godfather, who has watched Mr. Lopez throughout his life, believes that Mr. Lopez can be productive. Summers Ltr, undated, attached hereto as Exhibit 2. His aunt, who has helped raise Mr. Lopez, notes that Mr. Lopez has overcome many obstacles in his life, and also believes that Mr. Lopez "can reach more milestones and goals, and be successful in the community and in life." B.H. Ltr, dated Jan. 6, 2025, attached hereto as Exhibit 3. Mr. Lopez's mother notes that he is "bright and positive, funny, and altruistic" and believes that his

conduct here stems from his "just seeking a sense of understanding of where he belongs." Gimenez Ltr, dated Jan. 7, 2025, attached hereto as Exhibit 4.  Ms. Gimenez believes, like Dr. DeRight, that Mr. Lopez would benefit from mentorship and guidance.  *Id.*  Mr. Lopez's aunt also submitted photographs of Mr. Lopez reflecting his achievements and involvements with family, which are attached hereto as Exhibit 5.

With his upbringing, lack of significant criminal history, XXXX, and family support, Mr. Lopez's history and characteristics weigh in favor of a lower sentence.

### ii. Applicable Sentencing Range and Kinds of Sentences Available

Mr. Lopez objects to the sentencing guideline calculation.  Mr. Lopez agrees to part of the sentencing guideline calculation, as follows:  the base offense level is 20, which is increased by the specific offense characteristics for number of firearms (+4) and possession of a destructive device (+2), and then reduced for acceptance of responsibility (-3).  PSR, ¶¶ 21-23, 30-31.  However, Mr. Lopez contends that his possession of the Molotov cocktails did not occur in connection with another felony offense and that this specific offense characteristic is inaccurately applied, an argument he detailed in his previous filing and which he incorporates here.  Def. Obj., ECF No. 75.

If the Court grants his objection, then the total offense level would be reduced to twenty-three.  With a criminal history score of 2, criminal history category of II, and a total offense level of 23, Mr. Lopez's applicable guideline range is 51-63 months' incarceration and 1-3 years' supervised release.  *See id.*, ¶¶ 36-38, 72.  It is this Guideline range that Mr. Lopez asks be applied and for which he requests a sentence at the low-end of the range.

### iii. Need to Avoid Unwarranted Sentencing Disparities

A sentence of 51 months' incarceration would represent a higher-than-average sentence for a firearms offense when compared to nationwide sentencing data. During the 2023 fiscal year, the mean sentence length for a firearms offense for a criminal history category II offender was 32 months. 2023 Sourcebook, Table 27 (https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2023/Table27.pdf). This factor weighs in favor of a sentence at the low-end of the sentencing guideline range.

### iv. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, Provide Just Punishment, and Provide Adequate Deterrence

A sentence of 51 months' incarceration and a term of supervised release is a lengthy sentence that provides just punishment for a possessory offense. Moreover, in this case, a lengthy term of imprisonment does not provide adequate deterrence. As documented in the ████ ████████████████ Mr. Lopez does not necessarily understand the bases for the punishment here. Moreover, because the Bureau of Prisons is not designed or equipped to protect Mr. Lopez ████████████████████████ ████████████████████████ ████ a sentence of incarceration serves no rehabilitative purposes. *E.g.,* Exh. 1 at 19. ████ ████████████████████████████████████████ ████████████████████████████████████████. Therefore, the Court should consider trading a lengthier period of imprisonment for a period of supervised release in which the terms of supervised release are revised to address someone with ████. *See* Exh. 1 at 19 (detailing potential services and supervised release conditions).

### v. The Need for the Sentence to Provide the Defendant With Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment In the Most Effective Manner

As detailed in the ███████████████████ and PSR, Mr. Lopez needs additional vocational and educational training – ███████████████ – so that he can work and exist productively in the community. Mr. Lopez welcomes additional training, and has been able to complete limited post-secondary education, demonstrating to the Court that he can complete certain classes. In addition, Mr. Lopez would benefit from ███████ psychotherapy, which would also help address Mr. Lopez's depression and other mental health issues. Exh. 1 at 19. Mr. Lopez asks that that Court recommend that he be screened for mental health services while incarcerated.

### vi. Any Pertinent Policy Statement

All relevant Commission policies have been cited where applicable.

### vii. Restitution/Asset Forfeiture

Restitution is not applicable in this case. Although the plea agreement permits asset forfeiture, the defendant is not aware of any asset forfeiture issues.

## CONCLUSION

The Section 3553(a) factors weigh in favor of a sentence at the low-end of the applicable Guideline range. Mr. Lopez asks the Court to grant his PSR objection, find a range of 51-63 months' incarceration applicable, and sentence him to the low-end of this range, including providing him with credit for time served to date. Mr. Lopez has struggled to overcome a significant disability, and with the right structured supervised release and opportunities, could become a productive member of society.

Respectfully submitted,

*/s/Heather L. Carlton*
VSB No. 84752
Carlton Law PLC
108 Fifth Street S.E., Suite 305
Charlottesville, Virginia 22902
Tel: 434.260.1573
heather@carltonlawplc.com

*Counsel for Defendant Xavier Lopez*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the above Memorandum via the Court's ECF system, which provides service on all parties of record this 8th day of January 2025.

*/s/Heather L. Carlton*