**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4117**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

XAVIER LOPEZ, a/k/a Xavier Louis Lopez,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David J. Novak, District Judge. (3:23-cr-00079-DJN-1)

Submitted: July 16, 2026 Decided: July 20, 2026

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Robert J. Wagner, ROBERT J. WAGNER, PLC, Richmond, Virginia, for Appellant. Erik S. Siebert, United States Attorney, Thomas A. Garnett, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xavier Lopez appeals from the criminal judgment entered following his conditional guilty plea to possession of a destructive device, in violation of 26 U.S.C. §§ 5841, 5845, 5861(c), (d), (f). On appeal, Lopez challenges the district court's denial of his request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), in relation to his motion to suppress evidence seized during the execution of a search warrant at his home. Lopez also contests the district court's application of a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2024), because he possessed a destructive device in connection with another felony offense. The Government argues that the district court correctly denied a *Franks* hearing and that Lopez's challenge to his sentence should be dismissed pursuant to the appellate waiver in the written plea agreement. We affirm in part and dismiss in part.

Beginning with the district court's denial of Lopez's request for a *Franks* hearing, we have explained that "[a]n accused is generally not entitled to challenge the veracity of a facially valid search warrant affidavit." *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011). "In its decision in *Franks v. Delaware*, however, the Supreme Court carved out a narrow exception to this rule, whereby an accused is entitled to an evidentiary hearing on the veracity of statements in the affidavit." *Id.* Given the "presumption of validity" afforded to an affidavit supporting a search warrant, the defendant faces a "heavy burden" when invoking the narrow exception recognized in *Franks*. *See United States v. Moody*, 931 F.3d 366, 370 (4th Cir. 2019) (internal quotation marks omitted).

To earn a *Franks* hearing, the defendant "must make a substantial preliminary showing that (1) law enforcement made a false statement; (2) the false statement was made knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statement was necessary to the finding of probable cause" (also known as the "materiality" requirement). *Id.* (internal quotation marks omitted). When the defendant predicates his *Franks* hearing request on information omitted from an affidavit, he is obliged "to make a substantial preliminary showing that the omissions were intentional or reckless," and that the omissions were material to the probable cause determination—that is, the inclusion of the omitted information in the affidavit would have defeated probable cause. *United States v. Jones*, 942 F.3d 634, 640 (4th Cir. 2019) (internal quotation marks omitted). "We assess the legal determination underlying the district court's *Franks* ruling de novo." *Id.*

Having thoroughly reviewed the record, we are satisfied that the district court correctly denied Lopez's request for a *Franks* hearing. We agree with the district court that the search warrant affidavit's allegedly misleading statements related to Lopez's prior possession of firearms and reports of stolen firearms in the area of Lopez's home were not false and were not misleading when read in context. We also agree with the district court that Lopez failed to make a substantial preliminary showing that the affiant made those statements with an intent to mislead or with a reckless disregard for their truth. Finally, the district court properly ruled that Lopez did not make a substantial preliminary showing that the affiant acted intentionally or recklessly in omitting the fact that Lopez never touched a firearm when visiting stores that sold firearms and inquiring about firearms

despite his felony conviction. And in all events, the district court correctly ruled that the omission was not material to the probable cause determination.

Next, Lopez challenges the district court's application of the four-level enhancement under USSG § 2K2.1(b)(6)(B), based on the court's finding that Lopez possessed a destructive device in connection with another felony offense. Lopez contends that the district court erred in its application of the enhancement because he did not commit or attempt to commit another felony offense and none of the felony offenses used to support the enhancement were connected to his offense of conviction. He also argues that the district court relied on his protected speech in applying the enhancement, in violation of the First Amendment.

Before considering the merits of Lopez's challenge to his sentence, we must address the Government's invocation of the waiver of appellate rights in Lopez's written plea agreement. In response to the Government's reliance on the appellate waiver, Lopez maintains that he did not knowingly and intelligently agree to the appellate waiver. He emphasizes that he did not sign the plea agreement until the Fed. R. Crim. P. 11 colloquy and suggests that he thus did not understand the contours of the appellate waiver when he entered his guilty plea. Even if the appellate waiver is valid, Lopez insists that his challenge to his sentence is not waivable by law.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant

enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Lopez knowingly and intelligently waived his right to appeal his conviction and sentence on any ground except for the suppression issue and an ineffective assistance of counsel claim. During the Rule 11 colloquy, Lopez confirmed under oath that he read the plea agreement and discussed it with his lawyer, and he declined the district court's offer of more time to review the agreement. The district court also summarized the appellate waiver during that colloquy, and Lopez confirmed that he understood it. We are thus satisfied that the appellate waiver is valid and enforceable.

We also conclude that Lopez's challenge to his sentence falls squarely within the scope of the appellate waiver. And we reject Lopez's contention that the sentencing issue he raises on appeal is not waivable by law. *See Hunter v. United States*, __ S. Ct. __, __, No. 24-1063, 2026 WL 1751815, at *8 (U.S. June 18, 2026) (identifying examples of claims that may avoid appeal waiver). Insofar as Lopez makes a more limited argument that his First Amendment challenge at least escapes the appeal waiver, we conclude that Lopez has not made a "colorable" constitutional claim, especially given that he made only passing reference to the First Amendment in the district court. *United States v. McGrath*, 981 F.3d 248, 250 n.2 (4th Cir. 2020); *see United States v. Hassan*, 742 F.3d 104, 127 (4th

Cir. 2014) (explaining how criminal defendant's speech may be used consistent with First Amendment).

Accordingly, we affirm the district court's denial of Lopez's request for a *Franks* hearing and dismiss Lopez's appellate challenge to his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART*
*AND DISMISSED IN PART*